COONEY v. MORONEY ET AL.

1. **Jurisdiction:** ATTACHMENT. In an action by attachment in the Circuit Court, upon a note not yet due, the attachment is the subject matter of the action in such sense that an injunction will not be granted by the District Court restraining the defendant from making waste of the property attached.

*Appeal from Buchanan District Court.*

FRIDAY, DECEMBER 15.

THE petition states that plaintiff had commenced suit by attachment in the Circuit Court against the defendants, upon a note not due until January, 1877; that certain timber growing on land described in petition had been attached; that defendants are insolvent and are engaged in cutting down and carrying away said timber, and an injunction is prayed, which being granted, the defendants moved to dissolve the same, and such motion being overruled they appeal.

*Bruckart & Ney* and *E. M. Carr*, for appellants.

No appearance for appellee.

SEEVERS, CH. J.—The ground of the motion to dissolve the injunction was because it affected the subject matter of an

1. INJUNCTION: action pending in the Circuit Court, and there-
attachment. fore the District Court or Judge thereof had no power to grant the same.

The injunction proceeding was brought in the District Court, and the Code, Sec. 3389, provides: "But in cases where an action is pending, and the injunction is applied for to affect the subject matter of such action, it can only be granted by the court, or judge thereof, in which such action is pending." The only question then, is, does the injunction affect the subject matter of an action pending in the Circuit Court? The debt in the attachment proceeding not being due, no action could be brought thereon except by attachment. The attachment, therefore, was the principal thing; it was the gist of the proceeding. It was the subject matter of the action, because no action could have been brought on the debt except aided by attachment. Code, Sec. 2956.

The property attached, in a certain sense, was in the custody, or at least the control, of the Circuit Court, and it could, upon proper showing, have protected the property, or its custodian, the sheriff. There was no necessity, therefore, for a resort to any other court. Beside this, the very object and intent of the statute was to prevent one court from interfering with an action or proceeding pending in another court.

There may be more than one subject matter embraced in an action, and we are of opinion the attachment and property attached in this action is a subject matter embraced therein, and that the motion to dissolve the injunction was erroneously overruled.

REVERSED.